**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4260**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

THOMAS RAY, III,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:13-cr-00061-1)

———————————

Submitted: November 20, 2014     Decided: November 26, 2014

———————————

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

———————————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————————

Barron M. Helgoe, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant. Joseph Franklin Adams, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Ray, III, appeals the district court's criminal judgment sentencing him to seventy-eight months' imprisonment pursuant to his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2012). Ray's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether (1) the district court erred in its criminal history calculation, (2) the district court erred in not granting Ray a variance from the Guidelines range, (3) incarcerating Ray amounts to cruel and unusual punishment because of his medical condition, (4) Ray's trial counsel was ineffective, and (5) Ray's plea was the product of duress.[*] Ray filed a pro se supplemental brief, reiterating counsel's cruel and unusual punishment claim, and asserting that his counsel was ineffective for failing to get him transferred to another facility in exchange for his guilty plea, and that his plea was involuntary, as it was conditioned on a promise that he would be transferred to another facility.

---

[*] Ray's counsel also alleges that Ray received inadequate medical care while in custody, pending trial. Absent any link to the validity of his plea or sentence, however, this claim provides no ground for relief in this appeal.

In response, the Government moved to dismiss the appeal, contending that Ray waived his right to appeal in his plea agreement. We grant the motion in part and dismiss the appeal in part. Ray's claims of ineffective assistance of counsel are outside the scope of the waiver; as to these claims, we affirm.

Whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). We evaluate the validity of the waiver under the totality of the circumstances. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). But we generally consider an appellate waiver to be knowing and intelligent where the district court specifically questioned the defendant regarding the waiver during the Rule 11 colloquy and the record indicates that the defendant understood the significance of the waiver. Id.

Our review of the record reveals that Ray's guilty plea, and the accompanying waiver, were knowing and intelligent. Contrary to any arguments on appeal, Ray confirmed that his plea was voluntary and neither the product of duress nor impermissible promises beyond the scope of the plea agreement.

3

Further, Ray affirmed that he understood the waiver, as explained. We thus conclude that Ray validly waived his right to appeal.

Even when a waiver is valid, however, it will preclude appeal only of issues within the scope of the waiver. Blick, 408 F.3d at 168. Unless otherwise excepted, only challenges to a sentence as "illegal," like "challenges claiming a district court exceeded its authority, claiming that a sentence was based on a constitutionally impermissible factor such as race, or claiming a post-plea violation of the right to counsel" will survive a valid waiver. United States v. Thornsbury, 670 F.3d 532, 539 (4th Cir. 2012).

In his plea agreement, Ray waived his right to appeal his conviction or sentence "on any ground whatsoever" so long as his sentence did not exceed the Sentencing Guideline range corresponding to an adjusted offense level of twenty-four, and excepting claims of ineffective assistance of counsel. After reviewing Ray's claims, we thus conclude that only Ray's ineffective assistance claims are beyond the scope of the waiver.

Finally, we decline to reach Ray's claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on

4

direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that these claims should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. To the extent Ray's and his counsel's claims are within the scope of his valid appellate waiver, we grant the Government's motion to dismiss his appeal. We otherwise affirm the district court's judgment. This court requires that counsel inform Ray, in writing, of the right to petition the Supreme Court of the United States for further review. If Ray requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ray. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART